# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-0126V
(not to be published)

| | |
|---|---|
| LINDA SKADRA, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: December 11, 2019 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. | |

*William E. Cochran, Jr., Black McLaren et al, P.C., Memphis, TN , for Petitioner.*

*Jeffrey T. Sprague, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 25, 2018, Linda Skadra ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on January 10, 2017, and that she experienced symptoms of the injury for more than six months. (Petition at 1).  On August 21, 2019,  a decision was issued by then-Chief Special Master Dorsey, awarding compensation to Petitioner based on the parties' stipulation.  (ECF No. 37).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 28, 2019, (ECF No. 41), requesting a total award of $22,955.23 (representing $21,802.20 in fees and $1,153.03 in costs). In accordance with General Order #9, Petitioner filed a signed statement indicating she incurred no out-of-pocket expenses. (ECF No. 41-3). Respondent reacted to the motion on November 12, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 42). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT Petitioner's motion awarding final attorney's fees and costs in the amount of **$20,775.01**.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

2

### A. Hourly Rates

I have reviewed the rates requested by Petitioner for preformed by William Cochran and the various attorneys and legal staff who worked on this case. I find the rates requested to be consistent with what has been previously awarded to Black McLaren attorneys and also consistent with the Office of Special Masters fee schedules.[3]

### B. Excessive and Duplicative Billing

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.

The attorneys at Black McLaren have previously had requests for attorney's fees reduced for excessive and duplicate billing. *See Wagner v. Sec'y of Health & Human Servs.,* No. 17-0407V, 2019 WL4303281 (Fed. Cl. Spec. Mstr. June 28, 2019); *Digerolamo v. Sec'y of Health & Human Servs.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. June 28, 2019). In reviewing the invoices submitted, I found that multiple attorneys and staff members reviewing the same documents. Examples of these include:

- March 15, 2018 – (SRW 0.10 hrs) "Receipt/Review and note status conference order entered by court today; update calendar to reflect date/time" (WEC 0.10 hrs) "Review and note new scheduling order" (MGM 0.10 hrs) "Go over status conference order";
- June 7, 2018 – (SRW 0.10 hrs) "Receipt/review and note order granting motion for extension of time for Respondent to file status report; update calendar" (WEC 0.10 hrs) "Review and note new scheduling order";
- January 31, 2019 – (MGM 0.10 hrs) "Go over new scheduling order so I am kept in the loop on all matters";
- February 1, 2019 – (SRW 0.10 hrs) "Receipt/review and note scheduling order entered this week" (WEC 0.10 hrs) "Review and note new scheduling order"; and

---

[3] The Fee schedules can be accessed at: http://www.uscfc.uscourts.gov/node/2914

- May 6, 2019 – (SRW 0.10 hrs) "Receipt/review and note scheduling order entered today" (WEC 0.10 hrs) "Review and note new scheduling order" (MGM 0.20 hrs) "Go over new scheduling order"

(ECF No. 41-2 @ 8, 12, 13).[4]

### C.  Administrative Time

In addition, appears that a number of entries from the billing records are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Examples of these include:

- October 10, 2017 – (CMG 0.10 hrs) "Receipt of invoice and records from Ortho NY; Work on scanning and saving to client file; review invoice charges; update provider chart; correspondence to Will Cochran enclosing records; copy of invoice to Sherry Fearon for payment";
- November 8, 2017 – (CMG 0.20 hrs) "Format letter to be reviewed and signed by Will Cochran; work on scanning, saving and sending via first class mail";
- January 25, 2018 – (SRW 0.10 hrs) "Forward invoice for filing fee to Sherry Fearon"; and
- November 27, 2018 (CMG 0.10 hrs) "Receipt and note invoice received from Community Care Physicians"

ECF No. (41-2 at 4-6, 11).[5]

It is for both these reasons that I have reduced the requested amount of attorney's fees in the amount of 10 percent, for a total reduction of **$2,180.22**.

### ATTORNEY COSTS

Petitioner requests $1,153.03 in overall costs.  (ECF No. 41 at 1). This amount is comprised of obtaining medical records, travel expenses and the Court's filing fee. I have

---

[4] These are merely examples and not an exhaustive list.

[5] These are merely examples and not an exhaustive list

reviewed all of the requested and find overall amount to be reasonable and shall award it in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Accordingly, I hereby GRANT Petitioner's Motion for fees and costs. I award a total of **$20,775.01** (representing $19,621.98 in attorney's fees and $1,153.03 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.